## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MICHAEL PIMINTEL, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>V.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY INC. d/b/a GEICO,<br><br>    Defendant. | Civil Action No.:<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff MICHAEL PIMINTEL ("Plaintiff"), on behalf of himself and all other similarly situated employees, brings this lawsuit against Defendant Government Employees Insurance Company Inc. d/b/a GEICO ("GEICO" or "Defendant") seeking to recover for Defendant's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. and applicable provisions of North Carolina law. Plaintiff alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), individually and on behalf of all other persons similarly situated who suffered damages as a result of Defendant's violations of the FLSA (hereinafter "putative Collective Members").

2.      Plaintiff also brings this lawsuit as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all other persons similarly situated who suffered damages as a result of Defendant's violations of North Carolina law (hereinafter "putative Class Members").

3.      Plaintiff is a former non-exempt, hourly employee who worked for GEICO as an Auto Claim and/or Damage Adjuster in North Carolina. In this role, Plaintiff investigated insurance claims to ascertain the extent of any liability on behalf of GEICO, who furnishes car insurance.

4.      Plaintiff seeks to represent other current and former non-exempt, hourly employees of Defendant who work or worked as Auto Claim and/or Damage Adjusters, including comparable roles with different titles (collectively "Adjusters"), in North Carolina.

5.      As more fully described below, during the relevant time periods, Defendant willfully violated the FLSA and North Carolina law by failing to pay Plaintiff and putative Collective and Class Members for all hours worked based upon its unlawful policies and practices.

6.      Plaintiff and putative Collective and Class Members perform off-the-clock work for which they are not adequately compensated. Specifically, Plaintiff and putative Collective and Class Members must complete a certain number of claims or inspections per day (their "required quota"), and pressure from GEICO to meet these quotas within allotted paid hours per day often causes Plaintiff and putative Collective and Class Members to start working while off-the-clock before they are scheduled to begin the workday and after they are scheduled to end their shift, and during unpaid meal breaks.  Failure to meet the quotas within the allotted hours in a day results in negative implications for the performance metrics of Plaintiff and putative Collective and Class Members, including compensation ramifications and/or disciplinary action. Plaintiff and putative Collective and Class Members are also required to work off-the-clock to attend meetings outside of their scheduled shifts and without pay.

7.      In addition, Plaintiff and putative Collective and Class Members regularly work through time allocated for unpaid meal periods. Even when they do receive some form of meal break, it is often interrupted as Plaintiff and putative Collective and Class Members are encouraged and often required to perform work during their break, and thus that working time is uncompensated.

8.      Because of these issues, Defendant does not pay Plaintiff and putative Collective and Class Members for all hours worked, including minimum wage and overtime. The hours that Defendant requires Plaintiff and putative Collective and Class Members to work without compensation deprives them of substantial amounts of pay to which they are entitled under the FLSA and North Carolina law.

9.     As a result of this conduct, Defendant fails to pay Plaintiff and putative Collective and Class Members all wages due and owing after separation from employment in violation of the North Carolina Wage and Hour Act, N.C.G.S. § 95-25.1 *et seq*.

10.     Defendant further fails to provide Plaintiff and putative Collective and Class Members with accurate, itemized wage statements under the North Carolina Wage and Hour Act, N.C.G.S. § 95-25.13.

11.     Plaintiff seeks full compensation on behalf of himself and putative Collective and Class Members for all unpaid wages, including unpaid overtime. Plaintiff also seeks statutory penalty wages (twice the full amount of wages due), declaratory relief, and injunctive relief, including restitution. Finally, Plaintiff seek reasonable attorneys' fees and costs under the FLSA and North Carolina law.

## PARTIES

12.     Plaintiff worked for Defendant as a non-exempt, hourly paid Adjuster in Cornelius, North Carolina from June 2017 to January 2019.

13.     Plaintiff's duties as an Adjuster included inspecting vehicles for collision and comprehensive damages; customer service via the phone or in-person engagement; submitting claims on behalf of individuals for vehicle repairs; submitting online forms in real time; and issuing checks on behalf of GEICO for insurance payouts.

14.     Pursuant to Defendant's policy, pattern, and/or practice, Plaintiff regularly worked more than 40 hours in a workweek but was not compensated for all overtime hours worked.

15.     Plaintiff is over eighteen years of age and has been a resident of North Carolina at all relevant times described herein.

16.     Plaintiff's written consent to join this action is attached as Exhibit A.

17.     Putative Collective Members are or have been employed by Defendant as Adjusters in North Carolina within the three years preceding the filing of this Complaint.

18.     Putative Class Members are or have been employed by Defendant as Adjusters in North Carolina within the two years preceding the filing of this Complaint.

19.     Defendant GEICO is a Maryland corporation. Upon information and belief, Defendant is a wholly owned subsidiary of Berkshire Hathaway, Inc., and its headquarters are located at 5260 Western Avenue, Chevy Chase, Maryland, 20815. Defendant does business throughout the United States, including in North Carolina.

20.     In addition to Plaintiff, Defendant has employed numerous other employees, who like Plaintiff, are non-exempt workers engaged in interstate commerce. Further, Defendant is engaged in interstate commerce because it conducts business with customers across state lines.

21.     At all relevant times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

22.     At all relevant times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

23.     Plaintiff and Collective members were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

24.     At all relevant times, Plaintiff and putative Class Members were employees within the meaning of N.C.G.S. § 95-25.2(4).

25.     At all relevant times, Defendant was an employer within the meaning of N.C.G.S. § 95-25.2(5).

26.     At all relevant times, Defendant has done business under the laws of North Carolina, has places of business in North Carolina, including in this judicial district, and has employed Putative Class Members in this judicial district. Defendant is an "employer" as that term is used in the North Carolina Wage and Hour Act.

## JURISDICTION AND VENUE

27.     The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the North Carolina law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

28.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). At all material times Defendant has been actively conducting business in North Carolina and within the geographic area encompassing this judicial district. In addition, a substantial part of the events or omissions giving rise to the claims occurred in this district and the Defendant is subject to personal jurisdiction in this district. At all times material hereto, Plaintiff and putative Collective and Class Members, however variously titled, were/are employed by and performed or perform job duties for the Defendant within this district and within the jurisdiction and venue of this Court.

## FACTS

29.     Defendant is in the business of providing vehicle insurance, property insurance, and business insurance. Defendant operates in all fifty states, including North Carolina.

30.     Plaintiff and putative Collective and Class Members are current or former Adjusters in North Carolina. The duties of Adjusters, including Plaintiff, include but are not limited to processing insurance claims, calling customers, inspecting vehicles for collision and comprehensive damages, maintaining and managing accurate funds for the issuance of claim payments, submitting reports online in real time, and driving to customer homes or working in auto body shops to assess vehicle damage.

31.     As Adjusters, Plaintiff and putative Collective and Class Members are expected to meet GEICO's required quota of processing or working on at least ten claims or inspections per day and as many as thirty customer calls a day. Plaintiff are informed, believe, and thereon allege that the policies and practices of Defendant have at all relevant times been similar for Plaintiff and the putative Collective and Class Members, regardless of location in North Carolina.

32.     While working for Defendant, Plaintiff and putative Collective and Class Members are scheduled to work approximately seven and a half hours per day, five days a week, for a total of approximately 37.5 hours per week. Plaintiff and putative Collective and Class Members work these scheduled hours. However, Plaintiff and putative Collective and Class Members are regularly required by GEICO management to work additional hours beyond this scheduled time while off-

the-clock and without receiving compensation. Plaintiff and putative Collective and Class Members typically work eight and a half to ten hours per day to fulfill the required workload and do not receive pay for all time worked in violation of the FLSA. For numerous workweeks during their employment by GEICO, Plaintiff and putative Collective and Class Members worked off-the-clock and without compensation during overtime hours.

33. GEICO disincentivizes Plaintiff and putative Collective and Class Members from reporting this off-the-clock or unrecorded time because reporting such time would negatively impact Plaintiff and putative Collective and Class Members' productivity metrics and evaluations. If an employee does not meet the required quota of claims, inspections and/or customer calls, the consequence is being written up or placed on probation or reduced performance metric scores causing negative ramifications for pay increases and promotion opportunities.

34. In some instances, Plaintiff and putative Collective and Class Members begin the workday one hour prior to the start of their paid scheduled shifts to perform work activities which include, among other tasks, handling claims and calling customers and repair shops. This time worked is unpaid. Moreover, under Defendant's company-wide practice, Defendant requires Plaintiff and putative Collective and Class Members to log into Defendant's online system to submit claims and other documentation in real time. Therefore, Defendant knows or should know that work is being performed on its online system without compensation.

35. Plaintiff and putative Collective and Class Members continue working after their shift ends to complete tasks including, but not limited to, submitting paperwork and claims, and following up on customer calls. These tasks are completed while being logged into Defendant's online system and are tracked in real time. Plaintiff and putative Collective and Class Members are not compensated for this time that Defendant requires, suffers, and/or permits them to work.

36. Furthermore, Plaintiff and putative Collective and Class Members frequently work during unpaid meal periods. For example, they are generally allocated a 30 to 45-minute meal break to be taken at no specific time during a shift. But, due to Defendant's required workload and quotas, Plaintiff and putative Collective and Class Members are often unable to take such

breaks at all. Even when they do receive some form of meal break, Plaintiff and putative Collective and Class Members are often interrupted to perform work or answer customer calls, even though they are off-the-clock in Defendant's timekeeping records. As a result, Plaintiff and putative Collective and Class Members regularly work through unpaid time that is allocated for a meal break. Defendant knows or should know about such uncompensated work performed during unpaid meal breaks.

37.     On information and belief, Defendant and its managers routinely manipulate the timecards of these employees to make it appear that they took an unpaid meal break in order to avoid paying additional wages and penalties.

38.     Defendant also requires Plaintiff and putative Collective and Class Members to work off-the-clock to attend meetings, outside of their scheduled shifts and without pay.

39.     Plaintiff and putative Collective and Class Members use their personal vehicles to travel to semi-annual conference meetings. Travel time as well as the time spent at the conference meetings is also unpaid.

40.     In addition to claims and/or inspections quotas, Defendant utilizes a call rating system to rate call volume and efficiency in answering customer calls. As a result, Plaintiff and putative Collective and Class Members take customer calls before, during, and after scheduled shifts and must bring their cell phones to their unpaid meal breaks as a means of keeping the call answer rate high.

41.     All of this time that Defendant requires Plaintiff and putative Collective and Class Members to work without compensation deprives them of substantial amounts of pay to which they are entitled under federal and North Carolina law, including overtime premium pay for hours worked in excess of 40 per workweek.

42.     Defendant maintains time records for all its Adjusters throughout the United States, including in North Carolina. However, those time records fail to accurately reflect all of Plaintiff and putative Collective and Class Members' hours worked, based upon Defendant's policies and

procedures described herein for requiring Plaintiff and putative Collective and Class Members to work off the clock, during meal breaks, and without compensation.

43.     As a result, Defendant does not provide Plaintiff and putative Class Members with accurate wage statements as required by North Carolina law under N.C.G.S. § 95-25.13. These workers receive wage statements that do not reflect all hours worked, pay for missed and "on duty" meal breaks, and applicable overtime premiums.

44.     In addition, Defendant does not provide Plaintiff and putative Class Members with full payment of all wages owed at the end of employment as required by North Carolina law under N.C.G.S. § 95-25.7. These workers are owed wages and premium pay for all time worked, including overtime, when their employment ends. These amounts remain unpaid after voluntary and involuntary termination.

45.     Plaintiff is informed, believes, and thereon alleges that Defendant's unlawful conduct has been widespread, repeated, and consistent as to the putative Collective and Class Members and throughout Defendant's operations in North Carolina.  Defendant's unlawful conduct and pay practices stem from a corporate policy to limit labor expenses.

46.     Upon information and belief, Defendant has not inquired into whether it paid Plaintiff and putative Collective and Class Members for all time worked.

47.     Defendant's conduct was knowing, willful, carried out in bad faith, and caused significant damages to Plaintiff and putative Collective and Class Members in an amount to be determined at trial. Defendant did not take requisite steps to ensure that Plaintiff and putative Collective and Class Members were paid for all time worked.  Upon information and belief, Defendant did not conduct any study or audit of its compensation practices to ensure that Plaintiff and putative Collective and Class Members did not perform work without compensation.

## FLSA COLLECTIVE ACTION ALLEGATIONS

48.     Plaintiff brings this case as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) individually and on behalf of a proposed collection of similarly situated employees defined as:

All current and former non-exempt classified employees of Defendant working as Auto Claim and/or Damage Adjusters (including comparable roles with different titles) throughout North Carolina during the time period from three years prior to the filing of the complaint until resolution of this action. (referred to herein as the "putative Collective Members" or "members of the Collective").

49.     Plaintiff, individually and on behalf of other similarly situated persons defined above, seeks relief on a collective basis challenging Defendant's policies and practices of failing to accurately record all hours worked and failing to properly pay for all hours worked, including overtime compensation and required minimum wages. The number and identity of other similarly situated persons yet to opt-in and consent to be party-Plaintiffs may be determined from Defendant's records, and potential opt-ins may be easily and quickly notified of the pendency of this action.

50.     Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the members of the Collective.

51.     Plaintiff and putative Collective members are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work "off-the-clock," including during unpaid meal breaks, without compensation in violation of the FLSA.

52.     The specific job titles or precise job responsibilities of each putative Collective member does not prevent collective treatment.

53.     Putative Collective members, regardless of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek for "off-the-clock" work, including work performed during interrupted, on-duty, or missed meal breaks.

54.     Although Defendant permitted and/or required putative Collective members to work in excess of forty hours per workweek, Defendant has denied them full compensation for such hours worked.

55.     All of the work that Plaintiff and putative Collective Members performed was assigned by Defendant and/or Defendant has been aware of all of the work that Plaintiff and putative Collective Members performed.

56.     Putative Collective members are not exempt from receiving overtime compensation under the FLSA.

57.     Defendant's failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices and did not depend on the personal circumstances of putative Collective members.

58.     The hours that Defendant requires Plaintiff and putative Collective Members to work without compensation deprives them of substantial amounts of pay to which they are entitled under the FLSA.

59.     Defendant was aware, or should have been aware, that federal wage and hour laws required it to pay Plaintiff and putative Collective Members for all hours worked, including overtime compensation for hours worked in excess of 40 per week.

60.     Although the exact amount of damages may vary among putative Collective members, the damages for Collective members can be easily calculated, summed, and allocated based on a simple formula.

61.     Defendant's failure to pay Plaintiff and putative Collective Members for all hours worked, including overtime wages, was willful. Defendant's unlawful conduct has been widespread, repeated, and consistent.

62.     Plaintiff and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendant to comply with its obligation to legally compensate its employees. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all putative Collective members. Defendant had a plan, policy or practice of not paying Plaintiff and putative Collective members for work performed "off-the-clock" and during interrupted, interruptible, or missed meal breaks that are unpaid.

## RULE 23 CLASS ACTION ALLEGATIONS

63.     Plaintiff brings causes of action as a class action on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The putative Class that Plaintiff seeks to represent is defined as follows:

> All current and former non-exempt classified employees of Defendant working as Auto Claim and/or Damage Adjusters (including comparable roles with different titles) throughout North Carolina during the time period from two years prior to the filing of the complaint until resolution of this action. (referred to herein as the "putative Class Members" or "members of the Class").

64.     This action has been brought and may properly be maintained as a class action under Fed. R. Civ. P. 23(b).

65.     <u>Numerosity</u>:  Defendant has employed potentially hundreds of Adjusters during the applicable statutory period. The number of putative Class Members are therefore far too numerous to be individually joined in this lawsuit, making joinder impracticable. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice putative Class Members and Defendant. The identities of the putative Class Members will be determined from Defendant's records, as will the compensation paid to each of them.

66.     <u>Commonality</u>:  There are questions of law and fact common to Plaintiff and putative Class Members that predominate over any questions affecting only individual members of the putative Class. These common questions of law and fact include, but are not limited to:

> i.     Whether Defendant failed to pay Plaintiff and putative Class Members for all hours worked;
>
> ii.     Whether Defendant failed to pay Plaintiff and putative Class Members at an overtime rate for all hours worked in excess of forty in a workweek;
>
> iii.     Whether Defendant failed to compensate Plaintiff and putative Class Members for work performed off-the-clock at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty in a workweek in violation of North Carolina law;

iv. Whether Defendant failed to keep accurate records of employees' hours of work and wages;

v. Whether Plaintiff and putative Class Members are entitled to civil and statutory penalties;

vi. The proper formula for calculating restitution, damages and penalties owed to Plaintiff and putative Class Members as alleged herein; and

67. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the putative Class. Defendant's common course of conduct in violation of law as alleged herein caused Plaintiff and putative Class Members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

68. <u>Adequacy of Representation</u>: Plaintiff does not have any conflicts of interest with other Class Members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

69. <u>Superiority of Class Action</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

70. In the alternative, the Class may be certified because the prosecution of separate actions by the individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members which would establish incompatible standards of conduct for Defendant.

71.     If each individual Class Member were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each Class Member with Defendant's vastly superior financial legal resources.

72.     Requiring each individual Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class Members who would be disinclined to pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being.

### FIRST CAUSE OF ACTION
**Failure to Pay Overtime Wages**
**in Violation of Fair Labor Standards Act (29 U.S.C. § 207)**
**(Brought on behalf of Plaintiff and the putative Collective Members)**

73.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

75.     Plaintiff and putative Collective Members, as Defendant's employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

76.     At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

77.     Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

78.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

79.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

80.     Throughout the relevant time period, Defendant expected and required Plaintiff and putative Collective Members to be available to work and/or to be on duty during time allocated for meal breaks, and thus the meal breaks were fully compensable time.

81.     Plaintiff also routinely performed work-related tasks before and after scheduled shifts. Upon information and belief, Defendant treated putative Collective Members similarly with respect to "off-the-clock" work.

82.     Accordingly, consistent with the policies and procedures set up by Defendant, Plaintiff and putative Collective members performed work for which they were not compensated. Defendant's policies and practices favored Defendant at the expense of Plaintiff and putative Collective members.

83.     Defendant violated and continues to violate the FLSA by failing to pay Plaintiff and putative Collective Members for "off-the-clock" work under 29 U.S.C. § 207. Because of these violations, Plaintiff and putative Collective Members suffered wage losses during weeks where the total time worked exceeded forty hours.

84.     Plaintiff and putative Collective Members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendant derived a direct and substantial benefit.

85.     Defendant's failure to pay overtime to Plaintiff and putative Collective Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff and putative Collective Members' claims.

86.     Because of Defendant's willful violation, Plaintiff and putative Collective Members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

87.     Plaintiff and putative Collective Members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

88.     Wherefore, Plaintiff and putative Collective Members request relief as hereinafter provided.

## SECOND CAUSE OF ACTION
### Failure to Pay All Wages Due in Violation of N.C.G.S. § 95-25.6
### (Brought on behalf of Plaintiff and the putative Class Members)

89.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

90.     At all relevant times, Plaintiff and putative Class Members were employees within the meaning of N.C.G.S. § 95-25.2(4).

91.     At all relevant times, Defendant was an employer within the meaning of N.C.G.S. § 95-25.2(5).

92.     N.C.G.S. § 95-25.3(a) requires Defendant to pay its employees an hourly rate equal to or greater than the minimum wage.

93.     N.C.G.S. § 95-25.6 requires Defendant to pay its employees for all hours worked.

94.     N.C.G.S. § 95-25.2(8) defines "hours worked" as "all time an employee is employed." In turn, the statute defines "employ" to mean to "suffer or permit to work." N.C.G.S. § 95-25.2(3).

95.     Defendant implemented a policy and practice whereby Plaintiff and putative Class Members are forced to work before and after scheduled shifts to meet Defendant's quotas.

96.     Moreover, Defendant implemented a policy and practice whereby Plaintiff and putative Class Members' allocated meal periods are skipped, subject to interruption, are "on-duty," or otherwise not continuous, and thus that is time worked. Plaintiff and putative Class Members should be reimbursed for back wages for any unpaid time allocated for such meal periods during a work day.

97.     By failing to pay Plaintiff and putative Class Members their earned wages, including wages for time worked before and after scheduled shifts, working or "on call" time during unpaid meal breaks, and earned overtime wages, Defendant failed to pay Plaintiff and putative Class members the full amount of their earned wages when the same became due and payable.

98.     Pursuant to N.C.G.S. § 95-25.22(a), (a1) and (d), Defendant's failure to comply with N.C.G.S. § 95-25.6 entitles Plaintiff and putative Class Members to recover the full amount of their unpaid wages, as well as liquidated damages in an amount equal to the amount found to be due, along with interest, reasonable attorneys' fees, and costs.

99.     Plaintiff and putative Class Members further seek declaratory relief stating Defendant has violated and is in violation of N.C.G.S. § 95-6 for failing to compensate Plaintiff and putative Class Members for the full amount of their earned wages when the same became due and payable.

100.     Wherefore, Plaintiff and putative Class Members request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
**Failure to Pay Minimum Wage in Violation of N.C.G.S. § 95-25.3**
**(Brought on behalf of Plaintiff and the putative Class Members)**

101.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

102.     N.C.G.S. § 95-25.3(a) prohibits employers from paying employees less than the minimum fair wage for all hours worked.

103.     N.C.G.S. § 95-25.3(a) ties the North Carolina minimum wage to the federal minimum wage as provided in the FLSA, which is currently $7.25 per hour.

104.     Defendant's conduct, as set forth above, in failing to pay Plaintiff and putative Class Members at least the minimum fair wage for all hours worked, including time worked before and after scheduled shifts, working or "on call" time during unpaid meal breaks, and time spent attending and working at conferences, violates N.C.G.S. § 95-25.3(a).

105.     Pursuant to N.C.G.S. § 95-25.22(a), (a1) and (d), Defendant's failure to comply with N.C.G.S. § 95-25.3 entitles Plaintiff and putative Class Members to recover the full amount of their unpaid wages, as well as liquidated damages in an amount equal to the amount found to be due, along with interest, reasonable attorneys' fees, and costs.

106.     Wherefore, Plaintiff and putative Class Members request relief as hereinafter provided.

## FOURTH CAUSE OF ACTION
### Failure to Pay Overtime Wages Due in Violation of N.C.G.S. § 95-25.4(a)
### (Brought on behalf of Plaintiff and the putative Class Members)

107.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

108.    N.C.G.S. § 95-25.4(a) states that every employer "shall pay each employee who works longer than 40 hours in any workweek at a rate of not less than time and one half of the regular rate of pay of the employee for those hours in excess of 40 per week."

109.    Defendant's conduct, as set forth above, in failing to pay Plaintiff and putative Class Members overtime wages which they earned as a result of their employment, violates N.C.G.S. § 95-25.4(a).

110.    Pursuant to N.C.G.S. § 95-25.22(a), (a1) and (d), Defendant's failure to comply with N.C.G.S. § 95-25.4(a) entitles Plaintiff and putative Class Members to recover the full amount of their unpaid wages, as well as liquidated damages in an amount equal to the amount found to be due, along with interest, reasonable attorneys' fees, and costs.

111.    Plaintiff and putative Class Members further seek declaratory relief stating Defendant has violated and are in violation of N.C.G.S. § 95-25.4(a) for failing to compensate Plaintiff for the full amount of their earned overtime wages when the same became due and payable.

112.    Wherefore, Plaintiff and putative Class Members request relief as hereinafter provided.

## FIFTH CAUSE OF ACTION
### Failure to Pay All Wages Due Upon Separation
### in violation of N.C.G.S. § 95-25.7
### (Brought on behalf of Plaintiff and the putative Class Members)

113.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

114.    N.C.G.S. § 95-25.7 states, in relevant part, that "[e]mployees whose employment is discontinued for any reason shall be paid all wages due on or before the next regular payday."

115.    As described above, Defendant enacted policies and practices that deprived Plaintiff and putative Class members compensation for all hours worked. As a result, Defendant

failed to pay Plaintiff and putative Class Members all wages due and owing after separation from employment in violation of N.C.G.S. § 95-25.7.

116.     In failing to pay all wages due upon separation from employment, Defendant acted as a free agent, determined its own actions, was not responsible to, nor coerced by any other person, entity or authority. Defendant knew that it possessed information regarding hours worked and the amount of wages due to Plaintiff and putative Class members at the date of separation. Defendant was capable of timely paying all wages earned and due.

117.     Defendant's failure to make payment of Plaintiff and putative Class Members' final wages when due was willful and continuous.

118.     Pursuant to N.C.G.S. § 95-25.22(a), (a1) and (d), Defendant's failure to comply with N.C.G.S. § 95-25.7 entitles Plaintiff and putative Class Members to recover the full amount of their unpaid wages, as well as liquidated damages in an amount equal to the amount found to be due, along with interest, reasonable attorneys' fees, and costs.

119.     Plaintiff and putative Class Members further seek declaratory relief stating Defendant has violated and are in violation of N.C.G.S. § 95-25.7 for failing to pay all wages due upon separation.

120.     Wherefore, Plaintiff and putative Class Members request relief as hereinafter provided.

**<u>SIXTH CAUSE OF ACTION</u>**
**Failure to Furnish Accurate and Itemized Wage Statements**
**in violation of N.C.G.S. § 95-25.13**
**(Brought on behalf of Plaintiff and the putative Class Members)**

121.     N.C.G.S. § 95-25.13(2) states, in relevant part, that every employer shall make available to its employees in writing or through posted notice "employment practices and policies with regard to promised wages."

122.     Upon information and belief, Defendant does not make available its employment practices and policies with regard to promised wages, and even it attempts to do so, such notice is willfully misleading and insufficient as to promised wages for all hours worked.

-18-

123. In addition, N.C.G.S. § 95-25.13(4) states, in relevant part, that every employer shall "[f]urnish each employee with an itemized statement of deductions made from that employee's wages."

124. By failing to keep proper records of the hours worked by Plaintiff and putative Class Members and issuing pay stubs that do not indicate the accurate total number of hours worked, including by failing to show deductions from the number of total hours worked, Defendant violated N.C.G.S. § 95-25.13(4).

125. Defendant's violation of N.C.G.S. § 95-25.13(4) entitles Plaintiff and putative Class Members to injunctive relief.

126. Wherefore, Plaintiff and putative Class Members request relief as hereinafter provided.

## **RELIEF SOUGHT**

127. Plaintiff and putative Collective and Class Members are entitled to recover their unpaid overtime wage compensation.

128. Plaintiff and putative Collective Members are also entitled to an amount equal to all of their unpaid wages due under the FLSA as liquidated damages. 29 U.S.C. § 216(b).

129. Plaintiff and putative Collective Members are entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

130. Plaintiff and putative Collective Members are entitled to declaratory relief stating Defendant's policies and practices as described herein are unlawful and in violation of the FLSA.

131. Plaintiff and putative Class Members are entitled to recover back wages for overtime pay at one-and-one-half times their regular rates of pay for missed or "on duty" meal periods and any other off-the-clock work for each day worked during a workweek in which they worked more than 40 hours in a workweek.

132. Plaintiff and putative Class Members are entitled to recover back wages for missed or "on duty" meal periods and any other off-the-clock work at their regular hourly rate of pay for each day worked during a workweek in which they worked fewer than 40 hours in a workweek.

133. Plaintiff and putative Class Members are entitled to the full amount of wages owed, liquidated damages, reasonable attorney's fees, costs of litigation, and injunctive relief under North Carolina law.

134. Plaintiff and putative Class Member are entitled to injunctive relief for Defendant's failure to provide proper notice of its employment practices and policies with regard to promised wages and its failure to furnish accurate and itemized records of the hours worked by Plaintiff and putative Class Members.

135. Plaintiff and putative Class Members are entitled to declaratory relief stating Defendant's actions as described herein were and are unlawful.

## PRAYER

136. For these reasons, Plaintiff, Class, and Collective Members respectfully request that judgment be entered in their favor awarding the following relief:

    i. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all putative Collective Members. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

    ii. An order preventing Defendant from retaliating in any way against Plaintiff and any Collective or Class Member who joins or elects not to opt-out of the present suit based on their pursuit of these claims alleged herein;

    iii. An order finding that Defendant violated the FLSA;

    iv. An order finding that Defendant violated the FLSA willfully;

    v. All unpaid wages due under the FLSA;

    vi. An equal amount as liquidated damages as allowed under the FLSA;

    vii. Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

viii. An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

ix. An order finding that Defendant violated North Carolina law wilfully;

x. All unpaid regular wages due under North Carolina law to the extent same does not duplicate regular wages due under the FLSA;

xi. All unpaid overtime wages due under North Carolina law to the extent same does not duplicate overtime wages due under the FLSA;

xii. All statutory penalty wages and liquidated damages due under North Carolina law;

xiii. All attorneys' fees, costs and disbursements as provided by North Carolina law to the extent same does not duplicate fees due under the FLSA;

xiv. For an order awarding Plaintiff, Class, and Collective Members pre- and post-judgment interest at the highest rates allowed by law;

xv. Such other and further relief to which Plaintiff, Class, and Collective Members may be entitled at law or in equity.

Dated: August 5, 2021                           Respectfully submitted,


                                                /s/  John J. Nestico
                                                John J. Nestico
                                                North Carolina Bar No. 39457
                                                jnestico@schneiderwallace.com
                                                SCHNEIDER WALLACE COTTRELL
                                                KONECKY, LLP
                                                6000 Fairview Rd, Suite 1200
                                                Charlotte, North Carolina 28210
                                                Tel: (510) 740-2946
                                                Fax: (415) 421-7105

Carolyn H. Cottrell*
ccottrell@schneiderwallace.com
David C. Leimbach*
dleimbach@schneiderwallace.com
Brett D. Watson*
bwatson@schneiderwallace.com
SCHNEIDER WALLACE COTTRELL
KONECKY, LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105

Gregg I. Shavitz*
Tamra Givens*
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

Michael J. Palitz*
SHAVITZ LAW GROUP, P.A.
830 3rd Avenue, 5th Floor
New York, New York 10022
Tel: (800) 616-4000
Facsimile: (561) 447-8831
mpalitz@shavitzlaw.com

Paige T. Bennett*
DANIELS & TREDENNICK PLLC
6363 Woodway Drive, Suite 700
Houston, Texas 77057
Telephone: (713) 917-0024
Facsimile: (713) 917-0026
paige.bennett@dtlawyers.com

*Application for admission *pro hac vice*
forthcoming

*Attorneys for Plaintiff, Class, and Collective
Members*