IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

MICHAEL PIMINTEL, *et al*,

    Plaintiffs,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY
D/B/A GEICO

    Defendant.

Case No.: 3:21-cv-00405-RJC-DCK

## STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION

    Upon request of all parties for the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

    2.    As used in this Protective Order, the term "document" shall include, without limitation, regardless of how it is generated, stored, or maintained, any electronic or hard copy emails, writings, drawings, graphs, charts, photographs, phone records, and other data

compilations from which information can be obtained. *See* <u>Fed. R. Civ. P. 34(A)</u>. A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law or statutory privacy interests of current or former employees (including Plaintiffs), representatives, members, affiliate, or agents of Defendant, including but not limited to non-party: non-party personal information, financial information, tax returns, social security numbers, personally identifiable information ("PII"), protected health information ("PHI"), medical records, addresses, contact information, personnel files. Confidential Information also includes information containing Defendant's trade secrets information or proprietary processes; proprietary, confidential, or non-public business information, including its insureds and claimants' information, technical, financial, research, development, or competitively sensitive commercial information; insurance investigation files, including electronic and paper files; information relating to Defendant's business and operational strategies, processes, plans and corporate structure, economic and market analyses, marketing strategies, insureds lists, financial projections and cost information, training programs, proprietary manuals and evidence concerning proprietary computer programs and applications, and any other information treated or considered by Defendant, by policy or practice, to be confidential or proprietary. CONFIDENTIAL information shall not be disclosed or used for any purpose except in the preparation, litigation, mediation, and trial of this case (including any appeal) in accordance with this Protective Order.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it and the

2

consent of the party claiming confidentiality (if that party is different from the producing party) or further Order of the Court, be disclosed or made available in any way to any person other than:

    a)    attorneys and staff at Plaintiffs' and Defendant's counsel's firms;

    b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c)    the parties, including designated representatives for Defendant;

    d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for depositions, electronic discovery, damages, preparation, trial or other proceedings in this case;

    e)    the Court and its employees ("Court Personnel");

    f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g)    witnesses in the course of deposition or trial testimony; and

    h)    other persons by written agreement of all the parties.

    5.    Prior to disclosing any CONFIDENTIAL information to any person not listed above (i.e., anyone other than the individuals listed in paragraphs 4(a) through 4(f)), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form attached hereto as <u>Exhibit A</u>) stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall

be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Any information designated by a party as CONFIDENTIAL must first be reviewed by the party's attorney who will certify that the designation as CONFIDENTIAL is based on a good faith belief that the information is CONFIDENTIAL or otherwise implicates common law or statutory privacy interests.

7. In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as "CONFIDENTIAL" in a written communication, including, but not limited to email, by entitling the electronic file as "CONFIDENTIAL," or through other appropriate designation as set forth in Paragraph 6 above.

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after receipt of notice from the court reporter of the completion of the transcript. However, any use by the non-designating parties made before a post-deposition designation will not be a violation of this Protective Order, and the post-deposition

designation will apply prospectively only and will not apply to any disclosure made prior to the designation.

9. Production of any document or materials without a designation of confidentiality or an incorrect designation will not be deemed to waive a later claim as to its proper designation nor will it prevent the producing party from designating said documents or material "CONFIDENTIAL" at a later date. However, any use by the non-designating parties made before a post-production designation will not be a violation of this Protective Order, and the post-production designation will apply prospectively only and will not apply to any disclosure made prior to the designation.

10. In the event that a non-party or another party produces documents that a party wishes in good faith to designate as CONFIDENTIAL, the party wishing to make that designation must do so within fifteen (15) days of receipt, and identify the CONFIDENTIAL document(s) or CONFIDENTIAL information by bates label or, where not bates labeled, by document title and page number(s). The designating parties shall thereafter mark the document or information Confidential and reproduce the document or information. However, any use by the non-designating parties made before a post-production designation will not be a violation of this Protective Order, and the post-production designation will apply prospectively only and will not apply to any disclosure made prior to the designation.

11. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made and the basis for that objection. If the parties cannot resolve the objection within ten (10) days after the time the notice is received,

it shall be the obligation of the party designating the information as CONFIDENTIAL to initiate a hearing utilizing the Court's discovery dispute procedures within thirty (30) days after the conclusion of that 10-day window requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a hearing is timely pursued, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court issues a ruling on this dispute. If the designating party fails to pursue a hearing within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12. If a party intends to file any CONFIDENTIAL material or information with the Court, either as an attachment to a filing or contained within a filing, the filing party shall either obtain agreement from the other party's counsel that the CONFIDENTIAL material need not be filed with a request for restriction, or, absent such agreement, the filing party will file the document as restricted and the party that wishes for the information to remain under restriction shall move to restrict access to the information in accordance with LCvR 6.1(c). Where possible, only the portions of the filings containing CONFIDENTIAL information shall be filed with the Court under restriction.

13. Any request to restrict public access to materials designated as CONFIDENTIAL pursuant to this Protective Order must comply with the requirements of LCvR 6.1(e). Nothing in this Order may be construed as restricting any information or document from the public record.

6

14. The inadvertent production of any Document or ESI that is protected by privilege, work product, or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

15. At the conclusion of this case, and any appeal, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to return CONFIDENTIAL documents, the returning party shall provide all parties a written certification of counsel confirming that all CONFIDENTIAL documents have been returned. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with a written certification of counsel confirming the destruction of all CONFIDENTIAL documents. This provision shall not preclude the parties from maintaining for their records a secured electronic copy of any document that is designated as CONFIDENTIAL in this case or maintaining documents designated as Confidential as part of their professional obligations.

16. The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

STIPULATED TO AND APPROVED AS TO FORM this 12th day of January, 2022.


s/
Adam K. Doerr
Brian L. Church
Brendan P. Biffany
ROBINSON, BRADSHAW & HINSON, P.A.
101 N. Tyron St., Ste. 1900
Charlotte, NC 28246
Telephone: (704) 377-2536
Fax: (704) 378-4000
ADoerr@robinsonbradshaw.com
BChurch@robinsonbradshaw.com
BBiffany@robinsonbradshaw.com

Eric Hemmendinger
Lindsey A. White
SHAWE ROSENTHAL LLP
One South Street, Suite 1800
Baltimore, MD 21202
Telephone: (410) 752 1040
Fax: (410) 752 8861
Email: eh@shawe.com
       law@shawe.com

*Attorneys for Defendant*

s/
John J. Nestico
SCHNEIDER WALLACE COTTRELL KONECKY LLP
6000 Fairview Rd, Suite 1200
Charlotte, North Carolina 28210
jnestico@schneiderwallace.com

Gregg I. Shavitz
Tamra Givens
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

Michael J. Palitz
SHAVITZ LAW GROUP, P.A.
830 3rd Avenue, 5th Floor
New York, New York 10022
mpalitz@shavitzlaw.com

Carolyn H. Cottrell
David C. Leimbach
Brett D. Watson
SCHNEIDER WALLACE COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
bwatson@schneiderwallace.com

Paige T. Bennett
DANIELS & TREDENNICK PLLC
6363 Woodway Drive, Suite 700
Houston, Texas 77057
paige.bennett@dtlawyers.com

*Attorneys for Plaintiffs*

DONE AND ORDERED this 13th day of January, 2022.

_____
United States Magistrate Judge

9

# **EXHIBIT A**

## AGREEMENT CONCERNING CONFIDENTIAL MATERIAL SUBJECT TO THE PROTECTIVE ORDER

     I, the undersigned, hereby acknowledge I have read the Protective Order (the "Order") in *Michael Pimintel v. Government Employees Insurance Company Inc. d/b/a GEICO*, 3:21-cv-405-RJC-DCK, United States District Court for the District of North Carolina, Charlotte Division. In consideration of being permitted to review confidential information, as described in the Order, I agree to comply, and be bound by, the terms set out therein.

_____
Full Name and Title


_____    _____
Signature                              Date